UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ALESSANDRA LATOUR,

                 Plaintiff,


          -against-                                          12 Civ. 9209 (LAK)


COLUMBIA UNIVERSITY and MARK WIGLEY,
Individually and as agent for Columbia University,

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

     Appearances:

                         Mary E. Mulligan
                         Robert S. Landy
                         FRIEDMAN KAPLAN SEILER & ADELMAN LLP
                         *Attorney for Defendants The Trustees of Columbia*
                         *University in the City of New York and Mark Wigley*

                         Susan B. Egan
                         EGAN LAW FIRM
                         *Attorney for Plaintiff Alessandra Latour*

L‌EWIS A. K‌APLAN, *District Judge.*

   Alessandra Latour brings this action for copyright infringement and related state law claims against Columbia University and Mark Wigley, the dean of Columbia University's Graduate School of Architecture, Planning and Preservation ("GSAPP").  Defendants move for judgment on the pleadings dismissing the complaint.  For the reasons set forth below the motion is granted.

*Facts*

   Latour, an Italian citizen residing in New York,[1] decided in 2007 to create a joint post-graduate architectural program on globalization and its consequences focusing on New York and Moscow.[2]  She called this program "Global Metropolis: New York-Moscow" and wrote a five-page proposal (the "Proposal") describing the history and rationale of the program and a proposed curriculum.[3]  The Proposal specified that the program would be "jointly carried out" by GSAPP and the Moscow Architectural Institute ("MARKHI").[4]  Latour pitched the program, using the Proposal, first to the Rector of MARKHI and then to Wigley at GSAPP.[5]

   MARKHI and GSAPP entered into a Memorandum of Agreement in September 2008, which incorporated the Proposal.[6]  Thereafter, Latour asserts, "MARKHI and GSAPP agreed

---

[1]   Cpt. ¶ 5.

[2]   *Id*. ¶ 19.

[3]   *Id*. ¶¶ 19, 22.

[4]   Cpt., Ex. 1, at 1-2.

[5]   *Id*. ¶¶ 23, 25.

[6]   *Id*. ¶ 27 & Ex. 2.

that [she] would head the effort to organize and implement the [p]rogram," that Wigley promised to compensate her for her work and reimburse her expenses, that she was to be identified as "coordinator" of the program, and that all of this would be memorialized in an agreement with GSAPP.[7]  Latour allegedly relied on these representations and worked to develop and implement the program for several years.[8]  In 2010, Wigley said that Latour would be paid more quickly if she were considered a "teacher," though they agreed that a written contract would identify her as "coordinator."[9]  The program began in June 2011 with eight students.[10]  In its second semester, the plaintiff jointly ran a studio in Moscow with a Russian colleague.[11]

The complaint asserts that in late 2010 "Wigley began taking steps to gain control of the Program from Plaintiff."[12]  In January 2012, Latour was offered a written contract but it "did not contain the terms that Wigley had represented."[13] Among other things, it "did not describe her

---

[7]

  *Id.* ¶¶ 28, 30-32.

[8]

  *Id.* ¶¶ 33, 35, 37, 38, 41, 45-47.

[9]

  *Id.* ¶¶ 43, 44.

[10]

  *Id.* ¶ 48.

[11]

  *Id.* ¶ 49.

[12]

  *Id.* ¶ 51.

[13]

  *Id.* ¶ 69.

role as coordinator or teacher of the [p]rogram."[14]  No contract ever was signed.[15]

On March 20, 2012, Wigley informed Latour that she no longer could be a part of the program.[16]  Latour responded that GSAPP could not use the Proposal – "the [p]rogram was her idea[,] she did all the work to implement it, and it didn't belong to GSAPP."[17]  Latour asserts that defendants continued to operate the program and used the Proposal on the GSAPP website through the summer of 2012 without permission.[18]  On September 19, 2012, Latour obtained Certificates of Registration from the United States Copyright Office for two versions of the Proposal, dated July 26, 2007 and August 3, 2008, respectively.[19]

Latour alleges that Columbia University committed copyright infringement when it continued to display and use the Proposal on the GSAPP website.  The complaint seeks statutory damages for copyright infringement, as well as an order enjoining Columbia University from reproducing and displaying the Proposal and from running a post-graduate degree program entitled "Global Metropolis: New York-Moscow."  The complaint seeks damages also for common law claims of breach of contract, *quantum meruit*, misappropriation, unfair competition, and libel and slander.

---

[14]
    *Id.*

[15]
    *Id.* ¶ 70.

[16]
    *Id.* ¶ 73.

[17]
    *Id.*

[18]
    *Id.* ¶¶ 78, 122.

[19]
    *Id.* ¶ 22 & Ex. A.

4

Defendants argue that the complaint fails to state a claim for copyright infringement and that there is no other basis for subject-matter jurisdiction.

*Discussion*

I.    *The Standard*

Rule 12(c) governs motions for judgment on the pleadings.[20]  When deciding a Rule 12(c) motion, the Court applies the same standard that would be applied to a Rule 12(b)(6) motion to dismiss.[21]  The Court therefore views the pleadings in the light most favorable to, and draws all reasonable inferences in favor of, the non-moving party.[22]  To withstand a Rule 12(c) motion, the plaintiff must plead sufficient facts, accepted as true, "to state a claim to relief that is plausible on its face."[23]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24]  A

---

[20]

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).

[21]

*See,e.g., Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citing *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)); *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999); *Nat'l Ass'n of Pharm. Mfrs., Inc. v. Ayerst Labs., Div. of/and Am. Home Prods. Corp.*, 850 F.2d 904, 909 n.2 (2d Cir. 1988) ("Pursuant to Fed.R.Civ.P. 12(h)(2) . . . a defense of failure to state a claim may be raised in a Rule 12(c) motion for judgment on the pleadings, and when this occurs the court simply treats the motion as if it were a motion to dismiss.").

[22]

*See Hayden*, 594 F.3d at 160; *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994); *Madonna v. United States*, 878 F.2d 62, 65 (2d Cir. 1989).

[23]

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Hayden*, 594 F.3d at 160, *Johnson v. Rowley*, 569 F.3d at 43.

[24]

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).

cause of action based on only "labels and conclusions" or "a formulaic recitation of the elements" will not survive.[25]

In deciding a motion for judgment on the pleadings, the court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case."[26]  In copyright infringement cases, "the works themselves supersede and control contrary descriptions of them."[27]

## II.    *Copyright Infringement*

A claim for copyright infringement requires (1) ownership of a valid copyright in a work, and (2) unlawful copying.[28]  Defendants assert that, even if Latour owns a valid copyright in the Proposal, her claim fails because she granted them an implied license to use the Proposal.[29]

A license is a complete defense to a claim for copyright infringement.  "A copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement" and may sue only for breach of contract.[30]  Although exclusive

---

[25]

    *Twombly*, 550 U.S. at 555.

[26]

    *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009).

[27]

    *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986)).

[28]

    *See, e.g., Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

[29]

    Defendants dispute also the validity of Latour's copyright ownership, though it is discussed only briefly in their motion.  Having reviewed the parties' submissions, the Court finds that it need not reach the question of whether the Proposal qualifies for copyright protection.

[30]

    *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998).

licenses to a copyrighted work must be in writing, "nonexclusive licenses may . . . be granted orally, or may even be implied from conduct."[31]  "When the totality of the parties' conduct indicates an intent to grant such permission, the result is a nonexclusive license."[32]

There can be no dispute that Latour prepared the Proposal with the intent to deliver it to defendants so that they could establish the post-graduate degree program.  The details of the Proposal, such as admissions, curriculum, tuition and costs, were provided to defendants with the express intent that they "be jointly carried out by Columbia University Graduate School of Architecture, Planning and Preservation (GSAPP) in New York and the Moscow Institute of Architecture (MARKHI)."[33]  The Proposal then was incorporated by the two institutions into their Memorandum of Agreement without any alleged objection from Latour.[34]  In fact, Latour asserts that the purported infringement did not occur until March 2012 "when [defendants] continued to use the Works (or works substantially similar to the Works) to market and promote the program after Professor Latour was informed . . . that she 'could no longer be associated with the Master's Degree Program.'"[35]  Latour's conduct, as she describes it, makes clear that she impliedly gave defendants

---

[31]

       *Id*. at 235 (alteration in original) (quoting 3 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 10.03[A][7]).

[32]

       3 NIMMER ON COPYRIGHT § 10.03[A][7]; *see also SHL Imaging, Inc. v. Artisan House, Inc.*, 117 F. Supp. 2d 301, 317 (S.D.N.Y. 2000) ("An implied license can only exist where an author creates a copyrighted work with knowledge and intent that the work would be used by another for a specific purpose.").

[33]

       Cpt., Ex. 1 at 1-2.

[34]

       Cpt. ¶ 27.

[35]

       DI 13 (Pls. Mem. of Law in Opposition), at 9.  Of course, Latour's claim would be barred by the statute of limitations if she argued that defendants unlawfully copied her Proposal

a license to use the Proposal for the joint-degree program.

Implied licenses are revocable where no consideration has been given.[36]  The parties agree, however, that a nonexclusive license, "may be irrevocable if supported by consideration because then the implied license is an implied contract."[37]

Latour argues that even if defendants had an implied license to reproduce and display the Proposal, it was revocable because defendants "failed to convey any consideration . . . for any of her contributions, including the license."[38]  This argument is without merit.  Latour asserts: "The Complaint alleges that Professor Latour was prevented, and ultimately removed, from coordinating and teaching the [p]rogram . . . and she was never reimbursed or compensated."[39]  The complaint alleges also, however, that (1) Latour was designated a "coordinator" or "teacher" of the program for several years,[40] and (2) Latour was permitted to run a studio in Moscow for participating students

---

when it was incorporated into the 2008 Memorandum of Agreement.  *See* 17 U.S.C. § 507(b).

[36]

*See, e.g.*, 3 NIMMER ON COPYRIGHT § 10.02[b][5] ("[N]onexclusive licenses are revocable absent consideration."); *Keane Dealer Servs. v. Harts*, 968 F.Supp. 944, 947 (S.D.N.Y. 1997).

[37]

*Unclaimed Prop. Recovery Serv. v. Kaplan*, No. 11-cv-1799, 2012 WL 4195241, at *4 (E.D.N.Y. Sept. 19, 2012) (internal quotation marks and citations omitted), aff'd 734 F.3d 142 (2d Cir. 2013); *see also* 3 NIMMER ON COPYRIGHT § 10.02[b][5] ("It . . . follows that [licenses] are irrevocable if supported by consideration.").

[38]

DI 13 (Pls. Mem. of Law in Opposition), at 7.

[39]

*Id*.

[40]

Cpt. ¶¶ 31, 43, 44, 73.

8

during the second semester of the program.[41]  Latour received consideration for granting defendants a license of the Proposal when they provided her a position as a coordinator to develop and implement the joint-degree program.   Moreover, Latour alleges that her compensation and reimbursement of expenses were owed only after she provided the Proposal and began working to implement the program.[42]  Defendants' obligation to pay her, therefore, constituted a covenant, rather than a condition precedent, and is enforceable only as a contractual obligation.[43]

In short, Latour provided defendants an irrevocable license to the Proposal.  The injuries of which she complains are products of alleged breaches of contract, not copyright infringement.

III.     *State Law Claims*

Latour pleads also state law claims of breach of contract, *quantum meruit*, misappropriation, unfair competition, and libel and slander.  The complaint does not assert diversity jurisdiction and alleges that Latour is an "Italian citizen residing in New York."[44]  Latour now requests leave to amend her complaint to allege diversity jurisdiction because she is "truly a citizen of the world"[45] and files an affidavit to respond to, among other things, defendants' assertion that

---

[41]      *Id*. ¶ 49.

[42]      *Id*. ¶ 28.

[43]      *See Graham v. James*, 144 F.3d at 236-237 (nonpayment of royalties was breach of a covenant not a condition).

[44]      Cpt. ¶ 5.

[45]      DI 13 (Pls. Mem. of Law in Opposition), at 9.

she is domiciled in New York.[46]

While leave to amend should be granted freely when justice so requires, the Court finds that amending the complaint in this regard would be futile.  "[T]he district courts shall not have original jurisdiction . . . between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."[47]  The legislative history indicates that this provision was enacted "to preclude Federal alienage jurisdiction under paragraph 1332(a)(2) in suits between a citizen of a state and an alien permanently residing in the same state."[48]  Latour's claims that she is a citizen of Italy and maintains an apartment in Moscow are of no moment.[49]  She is an alien admitted for permanent residence in the United States.[50]  She does not claim that she is domiciled anywhere other than New York[51] and she affirmatively asserts that she owns two apartments in New York, pays New York taxes, and

---

[46]

      *See* Latour Aff. [DI 14].

[47]

      28 U.S.C. § 1332(a)(2).

[48]

      H.R. REP. NO. 112-10, at 7 (2011).

[49]

      Latour Aff. [DI 14] ¶¶ 2, 4.

[50]

      *See* Landy Decl. [DI 12] ¶ 5 & Ex. D.

[51]

      It is worth noting – though the Court does not rely on its observation – that this absence in Latour's affidavit appears not to have been mere oversight, as claiming otherwise could place her permanent residency status in doubt.  *See* U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *International Travel as a Permanent Resident*, http://www.uscis.gov/green-card/after-green-card-granted/international-travel-permanent-resident (last visited Mar. 31, 2014) ("If it is determined . . . that you did not intend to make the United States your permanent home, you will be found to have abandoned your permanent residency status."); *see also Trombati v. Mukasey*, 265 Fed. Appx. 18, 19 (2d Cir. 2008) (permanent residency status abandoned where visit outside of the United States was not made with the intention to return "within a period relatively short, fixed by some early event").

10

resides here.[52]  Congress enacted 28 U.S.C. § 1332(a)(2)  specifically to defeat diversity or alienage jurisdiction in these circumstances.

The Court declines to exercise supplemental jurisdiction over the remaining state law claims.[53]  Though defendants have moved for judgment on the pleadings dismissing on the merits Latour's claims for misappropriation, unfair competition and libel and/or slander, the Court declines to adjudicate that aspect of the motion, leaving it for consideration by a state court should the parties determine to continue this dispute in the New York courts.

*Conclusion*

Defendants' motion for judgment on the pleadings [DI 10] is granted in all respects. The copyright infringement claim is dismissed on the merits.  The remaining claims are dismissed for lack of subject matter jurisdiction.  The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

Dated:        March 31, 2014

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[52]    Latour Aff. [DI 14] ¶ 3; Cpt. ¶ 5.

[53]    28 U.S.C. § 1367(c).